By the Court.—Sedgwick, Ch. J.
The plaintiff argues that there was error in the decision of the court that the plaintiff was not entitled to recover upon his second cause of action claimed, excepting to a certain amount, as to which there is no controversy.
The second cause of action was claimed upon the following facts: The plaintiff had contracted with the defendants to make a public improvement in grading, etc., a street. The contract was in the usual form. The defendants had appointed a city surveyor to represent them in doing certain things in respect of the work. He, or others at his command, fixed certain grade stakes which indicated the depth to which excavations should go. He intended that the grade stakes should guide the plaintiff. Accordingly, the plaintiff excavated to the indicated depth. In fact this was below the grade as shown on profile maps, to which the contract specifically referred. The excavation being deeper than was called for by the contract, filling in was made necessary. The plaintiff claiméd that he should recover the value of the work done by him beyond the work of the contract, but under the indications of the grade stakes. This claim is placed upon two grounds.
The first is, that it was the intention of the contract, that the city surveyor should direct the plaintiff, as to the depth of the excavations. It is admitted that there is no express provision of the contract to such effect. There can be no implication of it, because it was an essential part of the contract that the plaintiff should *408 excavate to a certain depth, for the compensation, according to the amount of work as agreed upon. An implication cannot be understood that any third party, city official or not, should have the authority to vary the contract.
The second ground is, that the city is estopped from maintaining that the city surveyor was without authority to fix the depth of the excavation. In circumstances like these no estoppel could exist, unless the defendants led the plaintiff to believe that the city surveyor was an agent of the city to indicate the way in which the contract should be performed. There was no proof that the plaintiff acted upon the indication, excepting under views that he chose to take as to the authority of the city surveyor, with no representation, in words or act, of any corporate kind, or indeed official, that the surveyor was an agent of the city in regard to the matter. The surveyor could not make himself an agent, by his own act or words, and no other official could make the surveyor such an agent. The estoppel cannot be placed upon the fact that the city received any benefit from the increased work which it accepted. There was no such benefit, and the city, in order to take the work as contracted to be done, was forced to accept the work in its condition, at the time of acceptance.
I find no equity in a general sense, in the plaintiff’s position. The plaintiff had contracted to excavate, etc., according to profiles. He was a civil engineer, and could ascertain the depth of excavation from the profiles. He was not in any sense required to follow any direction of the city surveyor that varied the contract, and indeed, the testimony shows that those employed by the city surveyor were willing to correct the mistake, when attention was given to it.
I am of opinion that in the- plaintiff’s appeal the judgment should be affirmed with costs.
In the defendants’ appeal, I am of opinion that, in view of the terms of the contract and the character of *409 the issue, as to how much work in all had been done, the monthly certificates given to the contractor were admitted in evidence correctly.
The jury asked the court, “ Must we bring in a verdict for one of the three amounts, Viele’s, Quien’s, or the Newton statement, or can we compromise the amounts ? ” The court answered, “ You must bring in a verdict for one of those amounts.” The counsel for defendants excepted to this. The learned counsel for defendants argues, that as the testimony was of a kind that did not compel a conclusion that one of the three statements must have been exactly correct, if the plaintiff was entitled to recover, the answer of the court was erroneous. I think the question presented as possible courses which the jury might follow, the alternative of finding an absolute verdict for the amount of one of the three statements, or of compromising the amounts. The jury had no right to compromise the matters. In such case there would be supposed to be an adjustment of differences, between the jurors, while the respective parties in the jury would still be of opinion that their position was in accordance with law and fact. The other alternative was to be preferred of finding for the amount of one of the statements. Each of these had testimony to support it which the jury should weigh. Nothing was said by the court, to lead the jury to find for one of the three, unless the evidence convinced it that such finding was in accordance with the testimony. The exception as to this should not be sustained.
A certificate of the commissioner of public works was given in evidence that contained, with other things, a a statement of the amount of work done upon the improvement. The judge in his charge, called this certificate an admission of the defendants as to the amount. An exception was taken to this on the ground that the commissioner had no power to bind the city in this respect. This may be correct. Nevertheless the plaintiff was not injured, for the statement of the certificate was *410 made upon the certificate of engineer Loomis. Loomis was called as a witness and testified that he made total measurements finally, and classifications from an earlier estimate. He believed his statement to have been correct and knew nothing to the contrary. Taking these facts info consideration it was not injurious to say that the statement of the commissioner was an admission.
In the defendants’ appeal the judgment should be affirmed with costs.
Freedman, J., concurred; Ingraham, J., not voting.